**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

**Inari Agriculture, Inc.,**

*Appellant,*

**v.** **Appeal No. 26-1323**

**Corteva Agriscience LLC,**

*Appellee.*

# USPTO DIRECTOR'S OPPOSED MOTION TO INTERVENE IN THE APPEAL

The Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("Director") respectfully moves to intervene in this appeal from the decision of the Patent Trial and Appeal Board ("the Board") in IPR No. 2024-01014. 35 U.S.C. § 143; Fed. R. App. P. 15(d). Counsel for Appellant Inari Agriculture, Inc. has stated that Inari does not oppose this motion. Counsel for Appellee Corteva Agriscience, LLC has stated that Corteva opposes the motion.

To the extent Rule 15(d) of the Federal Rules of Appellate Procedure applies to the Director's intervention right under 35 U.S.C. § 143, the

Director has good cause for seeking to intervene in this appeal after Rule 15(d)'s deadline has passed. Fed. R. App. P. 26(b). The U.S. Department of Justice requires the USPTO to receive authorization before intervening and filing substantive briefs in the federal courts of appeals. *See* 28 U.S.C. § 516; 28 C.F.R. § 0.20(c). The Director typically lacks sufficient information to make a final decision to seek authorization from the Solicitor General to intervene based solely on the Notice of Appeal because Appellants often do not specify the precise issues they intend to raise on appeal or over-designate issues that they do not then raise in their opening brief. Thus, it is not until the opening brief is filed that the Director and Solicitor General know whether an issue of interest is actually raised, and only at that point can they make an informed decision on whether to intervene.

In this case, Appellant generically recited in its Notice of Appeal that the issues to be raised on appeal include "[t]he Board's [legal] error(s) in determining that claims 1-8 of U.S. Patent No. 8,901,378 were not proven unpatentable[.]" Further, Appellee filed a motion to dismiss the appeal for lack of subject matter jurisdiction, which Appellant opposed. *See* ECF Nos. 12, 13, 14. Under these circumstances, the

Director waited for the Court's resolution of the motion to dismiss the appeal before seeking authorization to intervene from the Department of Justice and is promptly filing this motion upon receiving said authorization.

The Director seeks to intervene in this case to articulate the correct applicable legal standard and to request a remand if the Court concludes that it has jurisdiction over this appeal. Specifically, the Director seeks a remand to correct an error of law in the Board's holding that, for claims directed to biological material, a party can show enablement under 35 U.S.C. § 112 based on commercial availability of the biological material by the patent issuance date. In the proceeding below, the parties disputed the challenged claims' entitlement to their asserted priority date due to lack of enablement by the priority application. The Board decided that, for claims directed to biological material, the enablement requirement is met if the claimed biological material is commercially available by the patent issuance date. The Director has determined that this holding runs afoul of the general rule that enablement must be shown at the time of filing the underlying patent application. On remand, the USPTO would address that legal issue anew and consider

whether the challenged claims are entitled to their asserted priority date based on commercial availability of the biological material as of the time of filing of the priority application in a revised decision to be issued expeditiously.[1]

The Director is aware that the Court has denied Appellee's motion to dismiss in favor of the parties including their jurisdictional arguments in their briefs. *See* ECF No. 15 at 2. The Director takes no position on whether Appellant has standing to pursue this appeal. The Director believes, however, that the Court cannot grant a motion to remand without first resolving the parties' jurisdictional dispute. The Director thus intends to file an intervenor brief articulating his view of the correct enablement-date rule and requesting a remand if the Court concludes that it has jurisdiction. Should the Court decide to revisit the issue of subject matter jurisdiction before briefing is complete in the matter and resolve that dispute in Appellant's favor, the Director will promptly file a motion for a remand.

---

[1] Although a concurring member of the Board panel answered that question in the affirmative, the final written decision on review does not address this issue. The Director believes the Court would benefit from the Agency analyzing this question in the first instance, as it involves questions of fact.

For these reasons, the Director respectfully requests that the Court grant this motion to intervene.

August 11, 2026

Respectfully submitted,

/s/ *Shehla Wynne*

AUSTIN P. MAYRON
Deputy Solicitor

ROBERT J. MCMANUS
Senior IP Legal Counsel

SHEHLA WYNNE
KAKOLI CAPRIHAN
Associate Solicitors

Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313-1450
(571) 272-9035

*Attorneys for the Director of the United States Patent and Trademark Office*

## RULE 32(g) CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this motion complies with the type volume limitation required by this Court's rule. The total number of words, excluding the parts of the motion exempted by the Federal Rule of Appellate Procedure and Federal Circuit Rules, is 752 words as calculated using the Microsoft Word® software program.

/s/ *Shehla Wynne*

Shehla Wynne
Associate Solicitor
Office of the Solicitor
U.S. Patent and Trademark Office
Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313-1450
(571) 272-9035